UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

JAMES E. ROSS,                                                        6:15-cv-1900-TC

                                    Plaintiff,

                                                    FINDINGS & RECOMMENDATION

                    v.

LANE COMMUNITY COLLEGE,

                                    Defendant.
_____

COFFIN, Magistrate Judge:

       Pro se plaintiff, James Ross, instituted this action on July 30, 2015, in the United States

District Court for the District of Puerto Rico. That court transferred the case here on September 16,

2015. This action reiterates a complaint plaintiff filed against Lane Community College in Nevada

in 2014 which was dismissed as deficient several times before being transferred to this court and

ultimately dismissed without further leave to amend. See Case No. 14-cv-1235-TC.

       Plaintiff again alleges a violation of his civil rights related to Lane Community College

security summoning police to arrest him for trespass on September 7, 2012 despite his alleged status

as a student. Plaintiff moves to proceed *in forma pauperis* (IFP). A review of plaintiff's application

reveals he is unable to afford the costs of litigation and his application is therefore granted.[1] However, for the reasons stated below, the clerk of the court shall not issue process

The court should dismiss, at the earliest practical time, certain IFP actions that fail to state a claim.   28 U.S.C. § 1915(e)(2)(B)(ii).  In determining the sufficiency of a pro se complaint, the court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520–21 (1972).  The court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure, as explained in the Supreme Court's decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009).  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However,

> [w]hile a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level....

Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (2007) (citations omitted).  Moreover, the Supreme Court has emphasized that, when assessing the sufficiency of any civil complaint, a court must distinguish factual contentions-which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted-and "[t]hreadbare recitals of the elements of a

---

[1] The Puerto Rico court denied the motion to proceed IFP apparently because of improper venue.  This court considers the motion, although not refiled, anew.

cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. at 678 (2009). In short, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id.

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992).

As noted in plaintiff's previous case, it is clear that plaintiff has been advised of the necessity to provide a short and plain statement of the claim showing that he is entitled to relief and that he must plead more than labels and conclusions or a formulaic recitation of the elements of a cause of action.

The current iteration of his complaint against Lane Community College does not remedy the previous deficiencies noted by this and the Nevada court. Plaintiff simply alludes to some vague conduct by an unnamed security officer, an "associate dean," and a "disciplinary tribunal" and then concludes, in conclusory fashion, that the security officer acted with racial discrimination. Plaintiff again seeks his official transcript, thousands of dollars in damages and an injunction against future bigotry.

As the court noted before, although it is possible to conceive an action under section 1983 for due process or equal protection violations,[2] the complaint fails to allege sufficient factual support to make such claims plausible.

To prevail on a claim under 42 U.S.C. § 1983, a plaintiff must show: (1) the deprivation of

---

[2]While a claim for a hostile environment is possible under Title IX in the education environment, e.g., Chancellor v. Pottsgrove Sch. Dist., 501 F.Supp.2d 695, 704 (E.D.Pa.2007), such claim cannot be premised on the basis of race. See 28 U.S.C. § 1681(a) (prohibits discrimination on the basis of sex only), See also Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173 (2005).

any rights, privileges, or immunities secured by the Constitution and laws; (2) by a person acting under the color of state law. 42 U.S.C. § 1983. "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). As noted above, it is possible to conceive a due process or equal protection violation is asserted, but such claims are not plausible.

To make out a substantive due process claim, plaintiff must demonstrate a violation of a liberty or property interest protected by the Due Process Clause. It is well-settled, however, that education is not among the rights afforded explicit protection under our Federal Constitution, and thus, the Fourteenth Amendment does not protect a public education as a substantive fundamental right. San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 35 (1973). Further, there appears to be no constitutionally protected right to a transcript. See Rafano v. Patchogue-Medford School Dist., 2009 WL 789440 at * 8 (E.D.N.Y. March 20, 2009) (no law supporting right to an accurate transcript). In addition, plaintiff fails to allege what process was given or denied that allegedly resulted in the denial of any property interest, protected or not, or how such failure of process resulted from a custom or policy of Lane Community College.

The Equal Protection Clause of the Fourteenth Amendment protects members of a suspect class from being treated differently than others similarly situated. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). Plaintiff fails to allege a sufficient factual basis demonstrating such treatment.

Moreover, section 1983 does not impose liability under a respondeat superior, Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691 (1978), but plaintiff only names Lane Community College as defendant and does not allege any deprivation as a result of the

schools' custom or policy.[3]

      Plaintiff has been repeatedly advised by two courts regarding the factual basis needed to plead a cause of action and has had numerous opportunities to provide a sufficient pleading. Plaintiff's latest complaint does nothing to prevent the court from concluding that any further attempts at amendment would be futile. In addition, plaintiff now has the additional hurdle of failing to comply with the statute of limitations for bringing an action under section 1983. Because section 1983 does not contain a statute of limitations, federal courts apply the forum state's statute of limitations for personal injury claims. 42 U.S.C. § 1988(a) (gaps in federal civil rights acts should be filled by state law); Wilson v. Garcia, 471 U.S. 261, 276 (1985) (specifying that federal courts borrow state personal injury statutes of limitations); Plumeau v. School District # 40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997) (same). Oregon's statute of limitations for torts is two years. O.R.S. § 12.110(1); see also O.R.S. § 30.275(9) (action against a public body or its employees shall be commenced within two years). In order to determine the date upon which the statute of limitations begins to run, that is, the date that a plaintiff's claim accrues, federal interpretations of accrual are controlling. Johnson v. State of California, 207 F.3d 650, 653 (9th Cir. 2000). Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1048 (9th Cir. 2012).

      Plaintiff instituted this action on July 30, 2015, alleging racial discrimination occurring on September 7, 2012. The alleged injury, of which plaintiff would have been aware on September 7, 2012, occurred more than two years prior to the commencement of this action. Amendment would

---

[3]Plaintiff does allege that the school failed to reprimand discriminatory behavior, but fails to provide a plausible factual basis for such conclusion.

Page 5 - FINDINGS & RECOMMENDATION

be futile for this additional reason.    Accordingly, the complaint should be dismissed without leave to amend.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.  The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this ___/___ day of October 2015.

_____
THOMAS M. COFFIN
United States Magistrate Judge